IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SAMMY DIXON,                )<br>                             )<br>        Petitioner,            )<br>                             )<br>    v.                       )<br>                             )<br> MILDRED RIVERA, WARDEN OF FCI )<br> ESTILL,                     )<br>                             )<br>        Respondent.          )<br> _____) | Civil Action No. 4:07-1499-DCN-TER<br><br>**SUPPLEMENTAL**<br>**REPORT AND RECOMMENDATION** |

Petitioner, Sammy Dixon ("petitioner/Dixon"), is an inmate in the custody of the Federal Bureau of Prisons currently housed at FCI Estill. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on May 29, 2007. This matter is now before the undersigned pursuant to the Order entered on March 11, 2008, by the Honorable David C. Norton, United States District Judge, remanding the case for further consideration. In his Order, Judge Norton ordered that the parties shall supplement the record as necessary to resolve the motion for summary judgment and shall "submit the Northern District of Georgia's judgment and commitment order in addition to the transcript of the sentencing hearing, if available." Both petitioner and respondent have filed supplemental responses. (Documents #27 and #28).

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

After review, it is noted that the previous recommendation relied on an unsworn declaration of Forest B. Kelly, Correspondence and Policy Specialist for the BOP. Respondents provided supplemental information but it failed to substantiate the fact that petitioner was serving an undischarged term of state imprisonment for a state parole violation term. Respondent furnished a copy of the Warrant and Order for Arrest by the Georgia State Board of Pardons and Paroles issued on December 31, 1992. (Docket entry #28-10). Respondent also furnished a copy of the presentence report that states, "his parole was revoked on January 5, 1993, as a result of the criminal conduct concerning the burglaries and the instant offense." (Docket entry #28-2, paragraph 53). Even though respondent asserts that the BOP considers the parole violation sentence commenced on the date the warrant was executed, respondent has not provided proper legal authority or documents to make clear that petitioner was under a state court sentence at the time his federal sentence was handed down. Respondent has asserted that because the Georgia parole violation sentence existed at the time the federal sentence was imposed and considering United States Sentencing Guideline (U.S.S.G.) 5G1.3(C), the sentence should run consecutive. Therefore, respondent asserts that since petitioner had his state parole revoked at the time of sentencing by the federal court, his sentence should run consecutively. Petitioner asserts that he never had a parole revocation hearing, or any other proceeding relating to a parole violation, as described in Mr. Kelly's declaration. Further, petitioner argues that the reason a parole violation was never addressed by the federal court while crafting his federal sentence is because he "had no such parole violation for the court to address."

It is not clear from the documents submitted that the revocation sentence had been entered at the time he was sentenced in federal court. Based on the documents before this court, it is not clear that the ultimate release date coincided with the state parol revocation or that the sentence for

burglary was concurrent with the revocation sentence. It is clear that petitioner received credit for his jail time from December 29, 1992, but it is not clear that he was sentenced for his parole revocation or that it was executed, specifically at the time of his federal sentence. The only document the undersigned has to review reveals that the warrant and order for arrest by the Georgia State Board of Pardons and Parolees was signed on December 31, 1992.

As previously stated, as part of the BOP's basis for denying the request of nunc pro tunc designation in their motion to dismiss or in the alternative for summary judgment was that because the Georgia parole violation sentence existed at the time the federal sentence was imposed and that United States Sentencing Guideline (U.S.S.G.) §5G1.3(C) is instructive that the federal sentence should run consecutive to the state sentence. Additionally, in the BOP's decisions denying the petitioner's request for nunc pro tunc designation it reasoned that the federal sentencing court had denied the petitioner's pro se petition for nunc pro tunc designation. (See petitioner's exhibit to petition, Part B). However, a reading of the federal sentencing judge's order and opinion reveals that the federal judge declined to address the merits of the petitioner's petition for nunc pro tunc designation because it was not clear whether petitioner had fully exhausted his administrative remedies through the BOP. (Respondent's Exhibit # 5, p. 6).

A review of all documents reveals that petitioner had not been sentenced in state court on the second state charge of burglary which arose from the same conduct as the federal offense. As it is not clear from the documents submitted whether or not petitioner was serving a sentence for parole revocation on a previous state charge at the time he was sentenced by the federal court, an issue of fact exists and, thus, it is recommended that respondent's motion for summary judgment be denied.

Therefore, it is recommended that the petition for a writ of habeas corpus should be granted

for the limited purpose of reconsideration of the petitioner's request for nunc pro tunc designation, and that respondent's motion for summary judgment (document #9) be DENIED. Accordingly, it is recommended that this matter be remanded to the BOP for a reconsideration of the petitioner's nunc pro tunc request.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 31, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**