IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sammy Arthur Dixon, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 4:07-CV-01499-DCN |
| | ) | |
| v. | ) | |
| | ) | **ORDER and OPINION** |
| M.L. Rivera, Warden, FCI Estill, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on petitioner's objections to the magistrate judge's recommendation that respondent's motion for summary judgment be granted. Petitioner is a federal inmate who brought the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming respondent and the Bureau of Prisons (BOP) have failed to properly calculate his sentence in relation to a prior state court sentence. Specifically, petitioner claims that his federal sentence should run concurrent to his state court sentence. To that end, petitioner has asserted three grounds for relief: (1) the BOP failed to calculate his sentence according to 18 U.S.C. § 3585(b); (2) the BOP erred in denying his request for a *nunc pro tunc* designation of the state prison as a place of confinement for his federal sentence under 18 U.S.C. § 3621(b); and (3) the BOP erred in failing to contact the sentencing judge for a recommendation on whether to treat petitioner's federal sentence as concurrent or consecutive to his state sentence.

Upon this remand, the magistrate judge has issued a supplemental report and recommendation in which he recommends issuing the writ "for the limited purpose of reconsideration of the petitioner's request for *nunc pro tunc* designation" and further

1

recommending that respondent's motion for summary judgment be denied. To that end, the magistrate judge recommended remanding to the BOP for reconsideration of petitioner's *nunc pro tunc* request. Supp. R. & R. at 3-4.

Respondent has not filed objections, which would ordinarily cause this court to affirm the magistrate judge's report and recommendation. Curiously, petitioner–the "winner" in the magistrate judge's report and recommendation–has filed an objection to the favorable recommendation. Specifically, petitioner requests that the court direct the BOP upon remand to solicit the recommendation of the federal sentencing judge and require the BOP to follow that recommendation (though petitioner presumably does not want to require the BOP to follow a recommendation that he not be given a *nunc pro tunc* designation). First, the BOP is not required to actively solicit the recommendation of the sentencing judge under 18 U.S.C. § 3621, but the statute does require the BOP to consider "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4). In regulations adopted pursuant to § 3621, the BOP has established procedures for soliciting the sentencing court's views. See BOP Program Statement 5160.05. While the court reminds the BOP that it must consider the sentencing court's views and should follow its own regulations in soliciting those views, there is no reason to affirmatively order the BOP to seek out the sentencing court's recommendation on remand.

This court should not require the BOP to follow the sentencing judge's recommendation. Section 3621(b) contains no requirement that the BOP follow the sentencing judge's recommendation. Indeed, the statute makes clear that the sentencing judge's statements and recommendations are just one of many factors that the BOP

should consider. See id. § 3621(b)(1)-(5). By directing the BOP to consider one factor to the exclusion of the others, this court would usurp the discretion Congress has expressly delegated to the BOP in making place of imprisonment designations.

Finally, petitioner requests that this court hold an evidentiary hearing in his case. The court finds that the documentary evidence and affidavits submitted in this matter are sufficient to resolve the issues, making an evidentiary hearing unnecessary. Moreover, the futility of an evidentiary hearing is inescapable given that petitioner is already the prevailing party.

Accordingly, it is hereby **ORDERED** that petitioners' objections be **OVERRULED**, the magistrate judge's supplemental report and recommendation be **ADOPTED** and **AFFIRMED**, respondent's motion for summary judgment be **DENIED**, and that this case be remanded back to the Bureau of Prisons to reconsider the petitioner's petition for *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b), Program Statement 5160.05, and this order within thirty days.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 21, 2008**
**Charleston, South Carolina**